### STEINHARDT & BRO. v. UNITED STATES.

(Circuit Court, S. D. New York.   May 21, 1909.)

No. 5,065.

1. CUSTOMS DUTIES (§ 37*)—CLASSIFICATION—"PAINTINGS"—PAINTED LITHOGRAPHS.

The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 454, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1678), for "paintings" in oil or water colors, does not include articles consisting of lithographic prints pasted on wood, and painted to a slight extent, and varnished.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*

For other definitions, see Words and Phrases, vol. 6, pp. 5158–5159.]

**2. Customs Duties (§ 37\*)—Commercial Designation—Paintings.**

In Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 454, 30 Stat. 194 (U. S. Comp. St. 1901, p. 1678), the expression "paintings in oil or water colors" is not a commercial term, but is used descriptively.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.\*]

On Application for Review of a Decision by the Board of United States General Appraisers.

Comstock & Washburn (George J. Puckhafer, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge (orally). The articles in controversy are lithographic prints pasted on wood and decorated with oil paints, which the Board held to have been properly classified as manufactures in chief value of wood under Tariff Act July 24, 1897, c. 11, § 1, Schedule D, par. 208, 30 Stat. 168 (U. S. Comp. St. 1901, p. 1647) overruling the importers' contention that they should have been classified as paintings under paragraph 454 of said act.

I do not think these are paintings within the meaning of paragraph 454. I do not agree with the Board that it is a question whether they are known commercially as paintings. In my opinion, the language employed in said paragraph—"paintings in oil or water colors," etc.—is descriptive. These articles have been produced largely by the lithographic process, and the subsequent application with the brush and paint to a slight extent and washing over with varnish is not sufficient to give to them the character of paintings.

Decision affirmed.